**Michael Wayne GREEN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–249.**

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1975.

Rehearing Denied Nov. 25, 1975.

Don Anderson, Public Defender, Oklahoma County, Okl., for appellant.

Larry Derryberry, Atty. Gen., Bill Bruce, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Michael Wayne Green, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–1352, for the offense of First Degree Murder, in violation of 21 O.S.Supp.1974, § 701.1, ¶ 1. In accordance with the provisions of 21 O.S.Supp.1974, § 701.3, the defendant was thereafter sentenced to suffer death, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial I. G. Purser, Chief of Police for the Oklahoma City Police Department, first testified for the State that James Chamblin became employed with that department as a Police Officer on June 1, 1973, and was so employed on April 16, 1974.

Officer Gary James, assigned to the Crime Lab of the Oklahoma City Police Department, then testified that at approximately 3:35 a. m. on April 16, 1974, he arrived at the Tip Toe Inn in Oklahoma County, Oklahoma, where he assisted in processing that scene. Exhibit 1 was identified as a rough drawing of that location

as he then observed the same, and Exhibits 2 through 9 and 14 were identified as various photographs thereof. Exhibit 15 was identified as a gun found in a nearby alleyway close to a pool of blood which trailed from the parking lot in front of the Tip Toe Inn. The gun contained one live round and five spent cartridges when found. Also, the gun was processed for fingerprints, but no identifiable latent prints could be obtained. Exhibits 10 through 13 were identified as pictures of the body of the victim after removal from that location. Exhibits 1 through 13 were admitted into evidence.

Master Patrolman John Charles Campbell, of the Oklahoma City Police Department next testified that on April 16, 1974, he was on duty with his partner, Officer James Chamblin, their shift being from 11:30 p. m. the previous night to 7:30 a. m. that morning. While on routine patrol the uniformed police officers proceeded to the Tip Toe Inn at about 3:10 a. m. When inside Officer Campbell heard loud talking at a particular booth where he found two males and two females seated and detected a strong odor of liquor. When Officer Campbell asked the defendant what he was drinking, the defendant began to stand up and replied that he was drinking grapefruit juice. The defendant then offered the cup to Officer Campbell who detected that the cup contained the odor of an alcoholic beverage. Officer Campbell observed the defendant to be intoxicated and asked him for identification. The out-of-state identification produced by the defendant was that of a Danny Terry. During this conversation, one of the females left. The defendant was placed under arrest for committing two separate offenses, public drunk and drinking in a public place. The defendant led the way to the front door, accompanied by the other male and female in addition to the two officers. During this time the defendant inquired as to why he was being arrested, but when advised appeared not to understand. Once outside the premises, the defendant again inquired

as to why he was being arrested. Officer Campbell again explained the reasons and advised him of the procedure upon arrest including the fact that a $35.00 bond could be posted. The defendant then turned away from the officers and started walking toward the police car. The defendant then suddenly produced a pistol from under the left side of his jacket, and in rapid succession first shot Officer Chamblin and then shot Officer Campbell. Officer Campbell had started to jump behind a car when he first observed the defendant making a sudden movement and the bullet struck him in the leg while he was somewhat on top of the car. At this time Officer Chamblin was lying flat on his back trying to move and the defendant quickly shot him a second time while standing directly over him. The defendant then immediately shot Officer Campbell again, striking him in the back and forcing him to fall on the opposite side of the car. While lying on the ground, Officer Campbell could see under the car that the defendant was coming around toward him. As the defendant came around the car, Officer Campbell withdrew his service revolver and both he and the defendant shot at about the same time. Officer Campbell fired three consecutive times, while the defendant fired once and fell back behind the car. Officer Campbell then managed to pull himself up on the car, and as the defendant fled four additional shots were exchanged. Three of these shots were fired by Officer Campbell and struck the defendant at least twice. The defendant was positively identified as the man who had shot the officers in resisting arrest.

Frederick Briggs Jordan, a physician and forensic pathologist with the Office of the Chief Medical Examiner for the State of Oklahoma, testified that he performed an autopsy on the body of James Dewey Chamblin on April 16, 1974. He discovered two bullet wounds, one entering the right groin and the other the left abdomen. Death resulted from extensive bleeding into the body cavities when the latter bullet

penetrated the intestines, the aorta, the vertebral column, the spinal cord and then exited the body. Exhibits 10 through 13 were identified as photographs of the deceased and depicted his injuries. Exhibit 16 was identified as containing the projectile which had entered the right groin and remained within the body of the victim.

Officer Eddy Gene Hoklotubbe, of the Oklahoma City Police Department, then testified that upon a report of a police officer having been shot, he was dispatched to the Tip Toe Inn in the early morning hours of April 16, 1974. Upon arrival he observed Officer Campbell leaning against a car and Officer Chamblin lying on the ground. A search ensued for a man described by Officer Campbell and a man matching the description was soon found lying in a nearby alleyway. The man had been shot numerous times and a .38 caliber Colt pistol was discovered near him but left undisturbed. The defendant was identified as the man found in the alleyway. Exhibits 14 and 15 were then admitted into evidence.

The State then rested and no evidence was introduced in behalf of the defendant.

In his sole assignment of error, the defendant contends that the death sentence is unconstitutional by virtue of the decision of the United States Supreme Court in the consolidated cases of *Furman v. Georgia, Jackson v. Georgia* and *Branch v. Texas,* 408 U.S. 238, 92 S.Ct. 2726, 32 L.Ed.2d 346 (1972). However, we need only observe that this contention recently was thoroughly analyzed and rejected by this Court in the consolidated opinion of *Williams and Justus v. State,* Okl.Cr., 542 P.2d 554 (1975). In connection with this proposition the defendant offers no argument or authority not presented or considered upon rendition of that decision. We therein held in part as follows:

"[T]he scheme for enforcement of capital punishment within this State under the provisions of 21 O.S.Supp.1974, § 701.1 et seq., as construed, does not constitute cruel and unusual punishment and is not violative of the Eighth and Fourteenth Amendments to the United States Constitution as interpreted by the United States Supreme Court in *Furman.*"

The evidentiary hearing contemplated under the provisions of 21 O.S.Supp.1974, §§ 701.5 and 701.6, was previously assigned and heard by this Court. No evidence was offered by either the defendant or the State upon that hearing. Rather, shortly prior thereto the defendant filed a motion requesting that this Court establish guidelines for the review of death sentences under those statutory provisions. As we have since held in our decision in *Williams and Justus,* supra, that these provisions are unconstitutional, no further discussion thereof is necessary here.

Pursuant to Rule 1.11, 22 O.S.Supp.1974, Ch. 18, App., this case was previously assigned and heard for oral argument. We have carefully reviewed the entire record before this Court, and thoroughly considered the argument and authority presented and have determined that the record is free of any error of law requiring reversal. The judgment and sentence is, accordingly, *affirmed.*

Pursuant to Rule 1.18, 22 O.S.Supp.1974, Ch. 18, App., the defendant is advised that any petition for rehearing herein must be filed with the Clerk of this Court within fifteen (15) days of the date upon which this opinion is filed therein.

BRETT, P. J., and BLISS, J., concur.

## ORDER ON REHEARING

Appellant was heretofore sentenced to suffer death for the offense of First Degree Murder in Case No. CRF–74–1352 of the District Court, Oklahoma County, and upon appeal, that sentence was thereafter affirmed in the above entitled cause. This Court then stayed the issuance of Mandate herein, upon its own motion, pending a resolution of related issues raised in the Petition for Rehearing in *Williams and Justus v. State,* Okl.Cr., 542 P.2d 554 (1975), and oral argument was thereafter presented

upon consolidated hearing. For the reasons discussed in our Opinion on Rehearing in *Williams and Justus,* the decision previously rendered herein is hereby reaffirmed.

It is therefore ordered, adjudged and decreed that the Order of this Court staying execution of sentence herein pending appeal be dissolved, and the Order of this Court staying issuance of Mandate is hereby superseded, and the Clerk of this Court is directed to issue Mandate *forthwith.*

It is further ordered, adjudged and decreed that the judgment and sentence herein appealed from be carried out by the electrocution of Appellant, Michael Wayne Green, by the Warden of the State Penitentiary at McAlester, Oklahoma, on Monday, February 23, 1976.